Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| DANIEL PÉREZ HERNÁNDEZ Y OTROS  Recurrida  v.  GILBERTO SANTIAGO VELAZCO Y OTROS  Peticionaria | TA2025CE00034 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala de LARES  Caso Núm.: L3CI201100035  Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 25 de junio de 2025, la Sucesión de Don Gilberto Santiago Velazco (en adelante, la parte peticionaria), sometió ante la consideración de este Tribunal de Apelaciones una petición de *Certiorari* en la que nos solicita la revocación de la *Resolución* emitida el 14 de mayo de 2025 y notificada el día siguiente por el Tribunal de Primera Instancia, Sala Superior de Lares (en adelante, TPI o foro primario). Por virtud de aludido dictamen, el foro primario autorizó la ejecución de sentencia presentada por el Sr. Daniel Pérez Hernández y la Sra. Mirna Luz Acevedo Díaz (en conjunto, la parte recurrida).

Examinado el legajo apelativo, por los motivos que adelante consignamos, resolvemos **denegar** el auto solicitado. Veamos.

**-I-**

El 15 de enero de 2025, la parte recurrida presentó una *Moción Solicitando Autorización Judicial para Orden de Ejecución de Sentencia*. Mediante esta, alegó que la *Sentencia* emitida en el caso por el TPI advino

final, firme e inapelable a partir del 9 de enero de 2012. A tales efectos, esbozó que en el referido dictamen se ordenó lo siguiente:

> Los demandados tendrán hasta el 31 de octubre de 2012 para llevar a cabo las gestiones necesarias con el fin de lograr la autorización por parte de las agencias necesarias con el fin de lograr la autorización por parte de las agencias correspondientes, para segregar los predios antes mencionados. De no recibir para esa fecha, entiéndase el 31 de octubre de 2012, la autorización para segregar, se procederá el otorgamiento de la Escritura a favor de los demandantes por las veinte cuerdas (20 cuerdas) incluyendo el inmueble residencia en o antes del 30 de noviembre de 2012.

La parte recurrida manifestó que han transcurrido doce (12) años desde tal determinación y la parte peticionaria no ha cumplido con lo ordenado. Es decir, no obtuvo los permisos requeridos, ni otorgó la escritura de compraventa correspondiente, por lo que solicitó que se ordenara la ejecución de la *Sentencia*, así como una partida por honorarios de abogado.

En respuesta, el 11 de febrero de 2025, la parte peticionaria presentó una *Moción en Oposición a Moción de Ejecución de Sentencia*. Allí, alegó que la ejecución de sentencia no procedía porque habían transcurrido trece (13) años desde que se dictó *Sentencia* por el foro primario. Añadió que la última decisión sobre el caso fue notificada el 22 de agosto de 2016, por lo que los plazos relacionados a la ejecución de las sentencias establecidos por las Reglas 51.1 y 51.3 de Procedimiento Civil, infra, no aplicaban. A su vez, esbozó que la parte recurrida también incumplió con su obligación de pago conforme a lo estipulado ante el TPI, por lo que solicitó que se denegara la solicitud para ejecución de sentencia.

El 26 de febrero de 2025, el TPI emitió *Orden*. Allí, estableció lo siguiente: "Ante el incumplimiento de la parte demandante con Orden emitida el 11 de febrero de 2025, la cual fue archivada en autos y notificada el 12 de febrero de 2025, se declara **no ha lugar** la "Moción solicitando autorización judicial para Orden de ejecución de Sentencia", presentada por la parte demandante el 16 de enero de 2025.

El 27 de febrero de 2025, la parte recurrida presentó su *Réplica a Moción en Oposición a Moción de Ejecución de Sentencia*. En esencia, adujo que, transcurrido el término de cinco (5) años, la sentencia se podía ejecutar con la autorización del tribunal. A su vez, manifestó que ha intentado realizar el pago y otorgar las escrituras de compraventa, sin embargo, la parte peticionaria se ha negado.

Posteriormente, específicamente el 12 de marzo de 2025, la parte recurrida presentó una *Moción en Reconsideración*. Allí, alegó que por ser un caso previo a SUMAC se requería radicar la moción de forma presencial lo cual dilató su presentación, habiéndose presentado la misma razonablemente cerca al plazo concedido. También indicó que la dilación en someter el escrito no fue con intención de desobedecer al tribunal y no debía causar la denegatoria a la ejecución de la sentencia. De igual manera, arguyó que la oposición presentada por la parte peticionaria no reflejó argumentos en derecho que justificara denegar la orden de ejecución de sentencia solicitada.

Atendido ambos escritos, el 14 de mayo de 2025, el TPI emitió una *Resolución* mediante la cual declaró Ha Lugar la reconsideración sometida por la parte recurrida. En consecuencia, dejó sin efecto su *Orden* del 26 de febrero de 2025 y autorizó a la parte recurrida a continuar con los procesos de ejecución de sentencia.

El 23 de mayo de 2025, la parte peticionaria solicitó reconsideración de esta determinación. En primer lugar, reiteró que la ejecución de sentencia no procedía en vista de que habían transcurrido los cinco (5) años disponibles para hacerla efectiva. Al mismo tiempo, indicó que la parte recurrida no alegó razón válida por la cual durante todos esos años no había solicitado su ejecución.

Por otra parte, aseveró que la ejecución de la sentencia era improcedente, pues en esta se le ordena al Departamento de Agricultura a

actuar, cuando dicha agencia no fue incluida en el pleito, pese a ser parte indispensable. De igual forma, cita una porción de una alegada resolución emitida por este Tribunal de Apelaciones en la que se hace referencia a una aparente violación a su debido proceso de ley por no habérsele orientado apropiadamente sobre el alcance de los acuerdos vertidos en la *Moción sobre Estipulación Transaccional* sometida en el caso y que estos constituían un enriquecimiento injusto.[1]

El 27 de mayo de 2025, el TPI se negó a reconsiderar su decisión. Inconforme, el 25 de junio de 2025, la parte peticionaria presentó un recurso de *certiorari* ante nos y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Instancia al declarar HA LUGAR una moción de ejecución de sentencia presentada después de expirar el término de cinco años de haberse dictado la sentencia. La Parte Demandante esperó nueve años y medio para solicitar la Ejecución de Sentencia y nunca solicitó que se extendiera el término de cinco años ni argumentó en sus mociones recientes, de fechas 9 de enero de 2025, 24 de febrero de 2025 y 12 de marzo de 2025, sobre las causas para tal demora, por lo que su moción de ejecución está totalmente fuera de los términos que disponen la Reglas de Procedimiento Civil y no presenta justificación alguna para esa demora. Por lo expuesto, no vemos que se pueda justificar en forma alguna esa demora de nueve años y medio para solicitar por primera vez la ejecución de sentencia.

Atendido el recurso, el 2 de julio de 2025, emitimos una *Resolución* en la que concedimos a la parte recurrida el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, para presentar su alegato. Oportunamente, el 24 de julio de 2025, la parte recurrida presentó su *Alegato de las Partes Recurridas*. Así, con el beneficio de la comparecencia de las partes, damos por sometido el asunto y resolvemos.

-II-

*A.*

---

[1] Nos parece importante señalar que una lectura del fragmento citado nos lleva a concluir que su contenido no trata de una disposición judicial en la cual se haya resuelto que la sentencia era nula por falta de parte indispensable, ni la presencia de enriquecimiento injusto. Por el contrario, el propio lenguaje transcrito nos permite apreciar que se trata de una recolección de los distintos reclamos que en su día fueron presentados ante este Tribunal dentro del trámite procesal apelativo ocurrido en el pleito.

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, *supra.* Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a

tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[2]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*B.*

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V., R. 51 gobierna lo relacionado a la ejecución de las sentencias. Sobre ello, la Regla 51.1 de Procedimiento Civil,[3] establece que la parte a cuyo favor se haya dictado sentencia, podrá ejecutarla en cualquier momento dentro de los cinco (5) años de ésta advenir firme. Banco Popular de Puerto Rico v. Gómez Alayon, 213 DPR 314 (2023). El procedimiento de ejecución de sentencia le imprime continuidad a todo proceso judicial que culmina con una sentencia. Cuando la parte obligada incumple con sus términos, es necesario recurrir a la ejecución forzosa de una sentencia. Mun. de San Juan v. Prof. Research, 171 DPR 219, 247-248 (2007).

Así pues, conforme dispone la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, un tribunal puede dictar cualquier orden provisional necesaria para asegurar la efectividad de la sentencia que, en su día, pudiese emitir. Scotiabank de Puerto Rico v. ZAF Corporation, et als., 202 DPR 478 (2019). La mencionada regla lee:

> En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y

---

[2] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

[3] 32 LPRA Ap. V, R. 51.1.

entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial. Regla 56.1 de Procedimiento Civil, *supra*.

Como puede observarse, la discutida regla enumera las medidas o remedios provisionales que tiene disponible un demandante en aras de proteger la efectividad de la sentencia que en su día recaiga o que recayó a su favor. El tribunal tiene amplia discreción para conceder o denegar el remedio solicitado. Igual discreción tiene para determinar el remedio que estime adecuado, ya que la lista establecida en la discutida norma no es taxativa. Scotiabank de Puerto Rico v. ZAF Corporation, *supra*.

En el ejercicio de tal discreción, el tribunal debe evaluar: (1) que el remedio solicitado sea provisional; (2) que el mismo tenga el objetivo de asegurar la efectividad de la sentencia que en su día dicte el tribunal, y (3) que se tomen en consideración los intereses de ambas partes, según lo requiera la justicia sustancial y las circunstancias del caso.

-III-

Mediante la discusión de su único señalamiento de error, la parte peticionaria arguye que el foro primario incidió al declarar Ha Lugar la moción solicitando la ejecución de sentencia. En esencia, reitera que la parte recurrida tenía un término de cinco (5) años para hacer efectivo el dictamen. Por tanto, sostiene que transcurrido dicho plazo sin realizar gestión alguna o presentar causas por la demora, el acuerdo alcanzado caducó.

Mientras tanto, y en defensa de la decisión recurrida, la parte recurrida argumenta que conforme a la Regla 51.1 de Procedimiento Civil, *supra*, transcurrido el término de cinco (5) años, solo se requiere autorización judicial y previa notificación a la parte contraria para ejecutar la sentencia. Expone que acudió ante el foro primario en búsqueda de la

aludida autorización y que dentro de la discreción que le cobija, el TPI determinó concederla.

Evaluados los planteamientos de las partes, no nos sentimos compelidos a ejercer nuestra función discrecional e intervenir con la *Resolución* recurrida. No encontramos presente algunos de los indicadores enumerados en la Regla 40 de nuestro Reglamento, *supra*, para decidir si se debe o no expedir el auto de *certiorari*. Tampoco hallamos que, al decidir la cuestión planteada, el TPI haya incurrido con prejuicio, arbitrariedad o parcialidad.

-IV-

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones